## No. 149.—JOHNSON & HAMILTON *v.* JORDAN & FOSTER.

The evidence of a donation *inter vivos* of real estate must be in writing. But, in a suit by the wife against her husband for a separation of property, in which she claims the price of a tract of land which she acquired from her ancestor by donation *inter vivos*, parol testimony is admissible to show that the husband sold the land and received the proceeds thereof. Third parties, creditors of the husband, in a suit to annul the judgment of the wife against the husband, can not inquire into the validity of the donation. 3 An. 610.

APPEAL from the Tenth District Court, parish of Caddo. *Levisee, J. C. M. Pegues,* and *S. L. Taylor,* for plaintiffs and appellees. *Elam & Wemple,* for defendants and appellants.

WYLY, J. The plaintiffs sue the defendants, Jordan & Foster, to recover judgment *in solido* against them for the amount of two promissory notes. They also aver that the said Foster, with a view to defraud and injure them, procured his wife, Sarah E. Jordan, to institute suit in the district court "for the recovery of certain simulated claims, which his said wife pretended to hold against him for various paraphernal effects, said to have been received by him, and converted to his use; that, without any legal evidence having been offered in support of her unfounded claims, and by the illegal and fraudulent connivance of herself and her said husband a judgment was rendered in her favor, at the October term, 1865, for a large amount of money, with interest, with a recognition of a tacit mortgage and a dissolution of the community." They also aver that, under said judgment, certain land of her said husband was illegally sold and adjudicated to her; they aver that said judgment and all the proceedings thereunder are absolutely null and void, because obtained by fraud and connivance, and without sufficient evidence; they deny that the pretended paraphernal claims of the wife ever had any existence or that the husband ever received the sums as alleged by her.

The answer of Mrs. Foster is a general denial, and the averment that the judgment obtained by her against her said husband, complained of by the plaintiffs, was rendered upon sufficient evidence, has been regularly executed, and that she has acquired a valid title to the property adjudicated to her thereunder.

At the trial the court reduced the judgment of Mrs. Foster against

her husband to one hundred and ninety dollars, with legal interest from the twelfth of October, 1865, and maintained her title to the land, and ordered her to pay over to the plaintiffs the surplus of the price of said purchase, to wit: $3500, less one hundred and ninety dollars, to be retained in satisfaction of her judgment, and she has appealed.

The appellant abandons in this court the claims against her husband, which were disallowed by the court below, except the one for $1750, which, she contends, was erroneously rejected, the same having been fully established by the evidence.

The contest then is limited to this claim.

It was for a tract of land and an improvement given to Mrs. Foster by her father, which her husband sold for the aggregate price of $1750. The father swears that "the paper title of the land was made by him, and the notes for the price were made payable to his daughter." It is satisfactorily shown that the price was collected by the husband.

The evidence however establishing these facts, was excepted to by the plaintiffs, on the ground that said "depositions went to establish, by parol, a donation, of either land, or a note, arising from the sale or land, when the law requires said donation to be established by writing." The judge overruled the objection, on the ground that the plaintiffs, by their counsel, had expressly agreed that said depositions should be used as evidence, and that the agreement appended to the depositions estopped them from objecting. We think the bill of exceptions taken to the ruling of the court in receiving this evidence was not well taken. The object of the evidence was not to establish a donation *inter vivos*, by parol; it was to prove the husband's indebtedness to the wife, regardless of the validity of her title to the property converted to his use. Whether Mrs. Foster had a good title to the funds appropriated by her husband or not, was no defense for him; he collected the money as her agent, and was bound to return it to her, even though he had received it unduly. His creditors have no better defense to this claim than he had.

The validity of the donation does not concern them; it is a matter between the donor, and those claiming under him, and the donee Snow *v.* Copely et al., 3 An. 610.

The case of Chachere *v.* Dumartrait, 2 La. 40, and Pecquet *v.* Pecquet's executor, 17 An. 224, cited by the appellant, are directly in point and furnish ample reasons in support of the position taken by her.

We are satisfied there was error in rejecting this claim of $1750.

It is therefore ordered that the judgment appealed from be amended so as to change Mrs. Foster's judgment from one hundred and ninety dollars to nineteen hundred and forty dollars, and as thus amended, that it be affirmed. It is further ordered that plaintiffs pay costs of this appeal.